Michael G. Heintz et al. Receivers v. Harley E. Sawyer et al.

Transaction in Furtherance of Lottery Against Public Policy, and Parties Thereto Denied Affirmative Relief.

A transaction whereby a loan of money, evidenced and secured by a real estate mortgage, was procured by the mortgagor from a debenture company, and the mortgagor, by contemporaneous written agreement, and as part consideration of the transaction, agreed to purchase certain debentures in the mortgagee company, which debentures were in the nature of a lottery, is against public policy, and void in its entirety; and neither the mortgagor nor the mortgagee is entitled to any affirmative relief whatsoever, either by foreclosure, cancellation or otherwise. The courts will leave both parties where it finds them.

**C. W. Baker,** for plaintiff.

**Province M. Pogue** and **Walter A. DeCamp,** for defendant:

The general doctrine applicable to this case is founded on the two maxims, "*ex dolo malo non oritur actio*" and "*in pari delicto melior est conditio melior est conditio defendentis.*" *State* v. *Investment Co.* 64 Ohio St. 283 [60 N. E. Rep. 220; 52 L. R. A. 530]; *Roll* v. *Raguet,* 4 Ohio 400 [22 Am. Dec. 759]; *Spurgeon* v. *McElwain,* 6 Ohio 442 [27 Am. Dec. 266]; *Raguet* v. *Roll,* 7 Ohio (pt. 1) 77; *Thomas* v. *Cronise,* 16 Ohio 54;

Heintz v. Sawyer.

*Hoss* v. *Layton,* 3 Ohio St. 352; *Widoe* v. *Webb,* 20 Ohio St. 431 [5 Am. Rep. 664]; *Hooker* v. *DePalos,* 28 Ohio St. 251; *State* v. *Perrysburg (Bd. of Ed.)* 35 Ohio St. 519; *McQuade* v. *Rosecrans,* 36 Ohio St. 442; *Kahn* v. *Walton,* 46 Ohio St. 195 [20 N. E. Rep. 203]; *Jacobs* v. *Mitchell,* 46 Ohio St. 601 [22 N.. E. Rep. 768]; *Markley* v. *Mineral City (Vil.),* 68 Ohio St. 430 [51 N. E. Rep. 28; 65 Am. St. Rep. 776]; *McMullen* v. *Hoffman,* 174 U. S. 639 [19 Sup. Ct. Rep. 839; 43 L. Ed. 1117]; *Johnson* v. *Hulings,* 103 Pa. St. 498 [49 Am. Rep. 131]; *Booth* v. *Hodgson,* 6 Durnf. & E. 405, (6 Ter. 405); *Simpson* v. *Bloss,* 7 Taunt. 246; *Roby* v. *West,* 4 N. H. 285 [17 Am. Dec. 423]; *Holman* v. *Johnson,* 1 Cowp. 341.

**GIFFEN, J.**

The petition presents an ordinary case in equity for the foreclosure of a mortgage executed by the defendants, Harley E. Sawyer, Jeanette Sawyer, Walter G. Hopkins and Lillie F. Hopkins, to secure a loan of $1,200 evidenced by a promissory note, payable five years after date, with interest at 8 per cent.

The answer contains two defenses:

First, that at the same time the loan was made the defendants purchased of the investment company ten certificates of twenty coupons, and it was agreed that if said twenty coupons were kept in force for not less than three years each and the monthly installments were paid thereon, no interest should be charged on said loan, and that in the event that any or all said coupons should be redeemed before the final payment of said mortgage, then the amount actually paid in by the party of the second part on said coupons so redeemed together with one-half of the surplus earnings on said coupons, should be credited to the payment of said mortgage loan, and the remaining one-half of said surplus earnings should be retained by the investment company as a further consideration for making said loan.

The defendants made payments each month for thirty-six months to the time the company went into the hands of a receiver; and during said period of time certain redemptions were made according to the scheme of said company and credited to the loan; that said transaction was illegal and void.

For the second defense, the payments made on the certificates are set forth together with the amount of the redemption fund which the defendants claim should be credited on the loan in the event that the court holds the transaction to be legal. The contracts of the investment security, or certificates of this company, were held unlawful in

Hamilton County.

the case of *State* v. *Investment Co.* 64 Ohio St. 283 [60 N. E. Rep. 220; 52 L. R. A. 530; 83 Am. St. Rep. 754]. It it claimed, however, that the loan and mortgage securing the same is an independent contract separate from the purchase of the certificates of investment, but the two transactions were had at the same time and constituted but one contract. The consideration moving from the defendants on the one hand was the execution of the note and mortgage together with the purchase of the ten certificates, and on the other hand the consideration moving from the investment company was the loan of $1,200, together with the promise to release the defendants from the payment of interest in the event that the installments upon the certificates were paid for not less than three years and to apply the amount actually paid in on the certificates together with one-half of the surplus earnings to the payment of the mortgage loan.

If the court were to enforce the mortgage and remit the defendants to an action upon the certificates, it would not only sever the transaction into two contracts not contemplated by the parties, one legal and the other illegal, but would thereby be giving relief to one party and denying it to the other. The defendants would be prevented from applying the payments made upon the certificates to the satisfaction of the loan as provided in the agreement, and if they undertook to enforce collection upon the certificates, they would be met by the defense that the transaction was illegal.

Counsel for the plaintiffs relied on the case of *State* v. *Board of Ed.* 35 Ohio St. 519. In that case the board of education agreed to borrow a sum of money at an aggregate rate of interest of 15 per cent for the amount so to be borrowed; bonds were to be isued bearing the authorized rate of interest, and for the excess interest orders on the treasury were to be issued to be payable at the same time as the legal interest. Bonds were regularly issued bearing 8 per cent interest, sold at par, and the money so received used as authorized. For the excess of interest, orders on the treasury were at the same time issued and delivered to the purchaser but were never presented for payment: *Held*, that this agreement to pay excess interest is void, and having never been executed in whole or part, will not avoid a recovery on the bonds.

The case before us differs from that one in that the money loaned was not the only consideration for the promise made by the defendants, but they were supported by the further consideration that the investment company would apply the payments made upon the certificate and the surplus earnings, to the payment of the loan, and that the contract was partly executed. If the defendants in this case for the single con-

Heintz v. Sawyer.

sideration of the loan of $1,200 had executed the note and mortgage **and** merely agreed to subscribe for the certificates, and such agreement **had** never been executed, then it would be within the terms of the case cited.

It·was further contended by counsel for plaintiffs that the investment company, being insolvent, held the assets of the company in trust, and could not enter into an illegal contract to the prejudice of the beneficiaries of the trust fund. But the difficulty of applying such principle in this case is that the stockholders and certificate holders, the beneficiaries of the fund, are alike guilty with the company in promoting **and** sustaining an unlawful scheme of chance.

Neither the plaintiffs nor the defendants are entitled to any affirmative relief; the petition will, therefore, be dismissed.

**Jelke** and **Swing, JJ.,** concur.